Good morning, your honors. May it please the court. My name is Ricardo Vasquez. I represent the appellant Isabel Yoro Grimon. Before I begin, a very short housekeeping matter. Ms. Grimon, Ms. Yoro Grimon is no longer in custody. She phoned me last week. She's in a halfway house now. And since that's required information in the briefs, I wanted to bring that to the court's attention. Thank you. This is a very simple but important case. The reason it's important is because under the government's theory, every pickpocketing and every purse snatching would be a federal crime. And that result is untenable. The factual proffer in this case establishes nothing more than simple possession. It fails to establish intended fraud, and it fails to establish a substantial effect on interstate commerce. As a result, there was no federal jurisdiction, and there was no finding of federal jurisdiction. Consequently, the conviction is invalid and must be vacated. The government's argument is premised on only the allegations of the indictment. The government does not claim that there is evidence of intended fraud or of an effect on interstate commerce. It asks the court to assume one. The problem with assuming that in this case would be that that assumption would then apply in every case of a pickpocketing, a purse snatching. Is there a federal statute against pickpocketing? There is a federal theft statute. And if somebody stole a credit card and were then in possession of that credit card, this very same statute that was applied in this case would apply in that case. In other words, the government... But wouldn't the answer to the question be no? The answer would be yes, Your Honor, because... Is there a federal statute that covers simple pickpocketing? There's a federal statute that covers simple possession, and that is a statute that was applied in this case. And if you pickpocket a credit card, you are in possession of it. So yes, the same statute would apply. And the same jurisdictional theory would establish federal jurisdiction over every pickpocketing and every purse snatching in the United States of America. Help me with something. 3231 of Title 18 says... Basically provides a statutory grant of exclusive jurisdiction to the federal district courts for federal criminal cases. District courts of the United States shall have original jurisdiction exclusive of the courts of the states of all offenses against the laws of the United States. Is it not so that so long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an offense against the laws of the United States and thereby invokes the district court subject matter jurisdiction? Isn't that Hornbook law? All of that is true. And we are not... In this case, did the indictment not indisputably allege a violation of federal law to it? 1029A3 of Title 18 and 1028? Yes, but that is insufficient to sustain a conviction. That may be, but your claim really seems to me to go more to the sufficiency of the evidence on jurisdiction than it goes to the question about whether the court had the power in the first place to adjudicate the case. Isn't that really what you're saying? Not that there was no jurisdiction in the sense that the district court couldn't entertain the matter, but that simply the evidence was insufficient to establish the interstate element. Isn't that basically your claim? That is my claim, and it's the claim that this court sustains in United States v. Yboron, which is binding precedent. Just bear with me for a sec. Accepting that as true, the claim is a sufficiency claim. What does the plea of guilty do to that kind of claim? Does it extinguish that claim? The claim is a jurisdictional claim under United States v. Yboron. But it's a sufficiency claim. Jurisdiction depends on facts, not allegations. Jurisdiction depends on evidence, not indictments. It is a jurisdictional claim under United States v. Yboron, not a mere sufficiency claim. Jurisdiction depends on both evidence and the power of a federal court does not arise from things that a party alleges. Is Yboron your sole case you're relying on? I think it is. It is not, Your Honor. Fitzgerald v. Seaboard Systems. Is that in our circuit? Yes, it is. American Express v. Travaglio. There are numerous, numerous cases. Let's go back and talk about Yboron. There, that was the Maritime Drug Law Enforcement Act. Exactly. It was a different statute. All of these cases are different statutes. There's no case involving this statute. The jurisdictional analysis is the same for every federal statute. I know you would say that, but I'm asking. Yes, it's a different statute. It's all different statutes. And in the MDLEA, as we call it, there, it was only a crime if the vessel was subject to the jurisdiction of the United States, right? Yes, Your Honor. Jurisdiction was used in the elements of the statute, correct? Yes, Your Honor. There's no reference to jurisdiction. It doesn't say interstate commerce jurisdiction. Under the MDLEA, jurisdiction depends on whether there is a covered vessel. Right. It depends on a fact. And the statute itself says a vessel subject to the jurisdiction of the United States. That is the partial definition of a covered vessel. Right. And so you have to prove that the vessel was in the jurisdiction of the United States. And that's truly a jurisdictional type element to exercise authority over the crime. Yes, Your Honor. And in this case, the jurisdictional element is a substantial effect on interstate commerce. And there is no evidence of that in this record. The jurisdictional issue arises under the chapter as a preliminary question of law to be determined initially by the court. It's different in the sense that in most of these statutes, jurisdiction is a question for the jury to determine whether interstate commerce was affected or not. But the distinction I'm asking about is that in Iguaran, the jurisdictional issue arises as in Congress. It's kind of a peculiar statute and says judges, you folks decide this jurisdictional question preliminarily. It's not to say the courts wouldn't look at jurisdiction afterwards, even when the jury had the obligation to do it. But there is that distinction. Is that not illuminating as to the argument that you make? You cite that case as one, not the only, but as a principal prop upon which you turn your claim. Your Honor, regardless of who the fact finder is, federal jurisdiction always depends on whether facts are proven with evidence. It never, ever depends on a party merely asserting allegations and then failing to prove them. There are many instances, including Fitzgerald, including American Express, including Iguaran, in which this court has said, we cannot proceed because the record fails to establish federal jurisdiction. Every record in every federal criminal case must have evidence of jurisdiction. The idea that the United States can create jurisdiction with allegations is false. Thanks very much, and you've reserved your full time for rebuttal. May it please the court. Good morning. My name is Ilham Hosseini. I'm an assistant United States attorney. I represent the United States in this matter. With me at counsel table is AUSA Mackenzie Duane, who represented the United States in the district court. This appeal does not involve an error that relates to the district court's subject matter jurisdiction. Instead, this is a challenge to the sufficiency of the evidence regarding the interstate commerce element that Ms. Grimman waived by pleading guilty. As Your Honor, Judge Marcus said, Section 3231 gives district court subject matter jurisdiction over all offenses against the laws of the United States. So long as the indictment charges a defendant with violating cognizable valid federal statutes as enacted in the United States, it alleges an offense against the laws of the United States and therefore invokes the district court's subject matter jurisdiction. Here, jurisdiction was conferred to the district court because the indictment alleged access device fraud and aggravated identity theft. So once the defendant, Ms. Grimman, pled guilty... He's not saying the district court didn't have the power to hear it. He's simply saying when you go beyond that, the factual data was just wholly insufficient to support it. And that jurisdiction is somehow different from the other elements that are normally perceived as being waivable. That, I think, is what he's saying. You follow what I'm saying here? Yes, Your Honor. That is ultimately a sufficiency claim. But what he's saying is there's sufficiency and there's sufficiency. And when the sufficiency turns on the jurisdiction, that's so basic that that's the kind of thing that's not waivable by the entry of a plea. Or at least that has to be the argument. There's kind of an argument where the appellant says that the interstate commerce element in the statute is jurisdictional. So the court lacked subject matter jurisdiction because there was insufficient evidence in the record. That that argument, in fact, is non-jurisdictional. Because a claim of insufficient connection to the interstate commerce... It's jurisdictional in the sense that without the nexus, there could be no federal crime under the statute. In that sense, it's jurisdictional. It's an element, but it's a jurisdictional element. Correct, Your Honor. It's a jurisdictional element, meaning it's an element of the government's case that must be submitted to the jury and proved it's a factual matter. In Iguaran, it is different. It's a preliminary... The statute explicitly says that jurisdiction is not an element of the offense. It's a preliminary question of law that the trial judge must determine. So the United States must establish that the vessel would apprehend it. Why would it matter who's making the determination? Why do I care whether it's the district judge making the jurisdictional determination or the fact finder, that is to say the jury, making the jurisdictional finding? At the end of the day, the finding about jurisdiction isn't that essential. Is that something you can waive is, I guess, what I'm really asking. Well, this court's binding precedent, United States v. Viscom, United States v. Ali Kani, both of them hold that sufficiency of the evidence challenged, which is based on this interstate commerce element, even though it's labeled as jurisdictional, is waived by a guilty plea. I don't see how the defendant or the appellant here can get around that. It is ultimately a challenge to the sufficiency of the evidence. I guess what I'm asking is, is a jurisdictional defect waivable when, in fact, the jurisdictional element goes to interstate commerce? Yes, Your Honor. In the kind of cases where there's a felon in possession cases or Hobbs Act robbery or access device fraud, where it's an element of the offense that is a factual matter that has to be proved with the jury, once the defendant pleads guilty on appeal, they have waived sufficiency of the evidence. Because ultimately, even though that argument is labeled jurisdictional, it is not jurisdictional. It's a sufficiency claim. In the other line of cases, for example, Egron, where a determination preliminarily must be made by a district court judge, in those situations, it's different. You wouldn't be able to waive it. You say it's not jurisdictional. It's only an element. Seems to me you're half right. It's only an element. But it is a jurisdictional element. Correct, Your Honor. And without the jurisdiction, in the shorthand sense, there could be no federal crime, could there? It has to be. Congress wouldn't have the power. Correct. So I think that there's two. Without being able to establish some kind of interstate effect, some kind of impact on interstate commerce or foreign commerce. Yes, Your Honor. I think there's two legal principles. There is Congress's power to regulate the conduct at issue. And then there's the jurisdiction of the court. So it is a jurisdictional element because it's a constitutional limit on Congress's power to regulate that conduct, whether it be guns, access to credit cards or whatever it may be. But that does not strip the district court of jurisdiction to hear the case. The court's adjudicatory power to entertain a matter is not affected by whether the government didn't prove an interstate nexus element. If there are no further questions for me. Yes, based on what we've submitted in the briefs and said at oral argument, Your Honor, I affirm the convictions. Thanks very much. So I would just like to refer the court to page four of the reply brief where all of this court's legal precedents regarding jurisdiction are sort of summarized in parentheticals. These are all cases where the court said there's no evidence of diversity jurisdiction. There's no evidence of federal jurisdiction for one reason or another. And in those cases, the parties, of course, alleged diversity. They alleged an amount in controversy, but they didn't prove it. And the rule for jurisdiction is the same whether the case is civil or criminal. The reason for the rule, of course, is because the federal courts are courts of limited jurisdiction. Could the government have proven federal jurisdiction in this case? Suppose the charge was an armed robbery charge of a federally insured bank. Two guys go into Chase Manhattan Bank with shotguns. They stick up the bank. They make off with $100 in cash. They charge with armed robbery under 2113 of Title 18. Let's just suppose that's what happens. Among the elements that the government would have to prove beyond a reasonable doubt are the knowing, willful, and intentional taking by force or violence a sum of money belonging to a bank that was insured by the FDIC. They go in before the district judge, and the defendant pleads guilty. There's an allocution. The lawyer gets up and says, we agree the evidence is sufficient, Judge. In this case, he knowingly went into the bank with a shotgun and made off with $100. Judge takes the plea, enters the plea, pronounces a sentence, and then there's a challenge later on the grounds that the evidence was insufficient to establish that the bank, in fact, was insured by the FDIC. It's an element. It had to go to the jury. It's jurisdictional in the sense that you had to show the interstate commerce relationship. If the bank wasn't insured, it isn't a federal crime, period. Now, does that suggest that the district court did not have the power to adjudicate the case? Would you be able to come back later and challenge the judgment on the grounds that the plea could not have been accepted because the government screwed up? There was just no tie to commerce because the FDIC element was missing and they couldn't provide it? Yes, Your Honor. But you challenged that? Yes, Your Honor, and let me explain why. Because I understand that this argument seems nitpicky and hyper-technical, but it really isn't because we do need a way to figure out when a federal district court has power and when it doesn't. And the only way the common law knows to do that is evidence. So if I understand what you're saying, you could turn around and challenge any plea and entry of judgment later on the grounds that the evidence supporting jurisdiction was otherwise insufficient even if the parties stipulated that it was sufficient on the front end? Of course, because parties cannot create jurisdiction with a stipulation. Let me read to you something the Seventh Circuit said about it and I invite your comment about it. They wrote in a case some years ago, the name of the case was Martin, and the Seventh Circuit put it this way. The nexus with interstate commerce, which courts frequently call a jurisdictional element, is simply one of the essential elements of the crime. There was Section 844 was the crime. Although the courts frequently call it the jurisdictional element of the statute, it is jurisdictional only in the shorthand sense that without that nexus, there could be no federal crime under the bombing statute. It's not jurisdictional in the sense that it affects a court subject matter jurisdiction. That is a court's constitutional or statutory authority to adjudicate the case. Once the defendant pleads guilty in court, which has jurisdiction of the subject matter and of the defendant as did the district court in this case, the court's judgment cannot then be assailed thereafter on the grounds that the government has not met its burden of proving this so-called jurisdictional fact. Why are they wrong? They are wrong because that case conflicts with Igoron and every case cited on page 5 of my reply brief, which are all binding precedent. That case cannot be reconciled with Igoron and Igoron is binding. Here's a question. You cite in your brief the Arbaugh case from the Supreme Court to note correctly that courts have an independent obligation to determine whether subject matter jurisdiction exists even in the absence of a challenge from any party. But the Arbaugh case also says, if the legislature clearly states that a threshold limitation on a statute scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character. Why does that not govern here? Because the question here is whether this was a Florida crime or a federal crime. And the only way this is a federal crime, the only way, as Judge Marcus suggested, that that simple possession of a stolen credit card with no other evidence is federal is if it affected interstate commerce. All they had to do was put that in the factual proffer. And the district court could then have made a finding. I think that's a good and interesting argument, but why doesn't that language from the United States Supreme Court dispose of it? That since Congress didn't say this is a jurisdictional factor, you don't have to prove that beforehand. Instead, you treat it as an element of the offense. Because the entire Apprendi line of cases from Apprendi through Booker holds that labels don't matter. It's not up to Congress to define Article III power. That's defined by the Constitution. Congress can't change that. So it doesn't matter if Congress calls something jurisdictional or not. I thought it's Congress that has the power to create the inferior federal courts and repose in them such power to adjudicate such cases as it may choose to. So the power is derived, of course, from the Constitution. But it's Congress that sets the nature of our jurisdiction, is it not? We're courts of limited jurisdiction. I can't assert jurisdiction over a dissolving marriage and a divorce suit because I don't have the power because Congress didn't give it to me. You don't have the power because Congress can't give it to you. Congress has no power to change that. Well, there's no question they can't create a crime where there's no interstate element. That much we know. But that's different from saying that Congress doesn't repose jurisdiction in the courts to adjudicate the kinds of cases it wants. The crime may not state a crime. It may go beyond the power of Congress to make it a crime to possess a firearm within 1,000 feet of a school or something like that. Correct. So Congress can try to create federal crimes, but courts frequently, as in Lopez, which is the case Your Honor is referring to, courts frequently say this goes beyond Congress's enumerated powers. You cannot put these cases in the federal courts. They belong in the state courts. And the problem here is the government's factual proffer is different. Let's talk about the factual proffer. She admits that if it went to trial, I'm reading from the first paragraph, the factual proffer, she did knowingly with intent to defraud, possess 15 more devices that were counterfeit. In fact, she had 134 on the thumb drive, which she later talks about. And she admits said conduct, her conduct, affected interstate and foreign commerce. Why is that not sufficient? Under each one? Factual proffer, where she admits, she outlines how many credit cards she has. They're all encoded with other people's names. Under Igoron, a stipulation to a legal conclusion is not sufficient to establish Wait, that's not necessarily a legal conclusion. She's saying my conduct affected interstate commerce. Your Honor, that is a legal conclusion. That is what judges decide. Judges decide whether interstate commerce was So your view, counsel, is that every time every counsel for every defendant in this circuit walks into a federal court to plead guilty to a federal crime and lays out the evidence in some kind of general way, when they get to the jurisdictional element, the district judge is required to say, Thank you very much, Mr. Basquez, but I want to know, what is the foundation for the interstate element? I want to know specifically chapter and verse, how does this implicate interstate commerce? That's your view. My view is that what had to happen Okay, I understand. I'm just asking. That is what you have to do in every case. It's not enough to rely on the allocution by the prosecutor and the defense lawyer who says we're satisfied that the elements are met, including interstate commerce. Yes, Your Honor. That follows from the court's independent obligation under Article III to ascertain jurisdiction in every case. Courts have to do that regardless of what the parties say. I've got it. Thank you very much. Thank you, Your Honor. Thank you for your efforts, folks, and we'll move on to the next case.